UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

v.

JONTIEZ BROOKS,

Defendant.

Case No. 1:20-cr-00146-BLW

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Before the Court are two motions filed by defendant Jontiez Brooks: (1) a Motion to Reconsider the Court's Denial of the Seventh Motion to Extend Deadline for Self-Surrender; and (2) Mr. Brooks' Eighth Motion to Extend Deadline for Self-Surrender. *See* Dkts. 126, 127. The government opposes Mr. Brooks' request to extend the self-surrender deadline. For the reasons explained below, the Court will grant a brief, *final* extension for Mr. Brooks to self-surrender.

## DISCUSSION

On March 24, 2021, this Court sentenced Mr. Brooks to 39 months' incarceration and ordered him to self-surrender to prison as directed by BOP and the probation office. The Court has granted six previous extensions to Mr. Brooks'

self-surrender deadline. *See* Dkt. 124, at 2-4. The purpose of these extensions was to allow Mr. Brooks to resolve pending state-court matters. The upshot is that as of this writing Mr. Brooks has already been allowed to delay reporting to prison by around nine or ten months. His current self-surrender deadline is January 24, 2022.

On January 4, 2022, Mr. Brooks filed a seventh motion to extend the self-surrender deadline. That time, he asked for an extension so that he could be present for the birth of his child. (His domestic partner is pregnant, and the due date is March 24, 2022.) The Court denied that request, observing that Mr. Brooks has already been granted numerous extensions and that no additional extensions were justified. *See* Dkt. 125.

Upon receiving that denial, Mr. Brooks immediately filed a motion to reconsider, pointing out that his partner's pregnancy is high risk. In that motion, he also briefly alluded to the fact that he needed to resolve a pending criminal case in Cook County, Illinois. And the next day, Mr. Brooks followed up with a separately filed, Eighth Motion to Extend the Deadline for Self-Surrender. That motion focused on the Cook County case.

The Cook County case – which is apparently a 2017 case (Case No., 17-CR-1173501) – is still unresolved and has been the reason this Court has granted serial extensions to Mr. Brooks' self-surrender deadline. Mr. Brooks' attorney in that

matter reports that the "case has been continued several times based on various delays in the proceedings" and that "none of those delays are the fault of Mr. Brooks." *Gaeger Dec.,* Dkt. 127-1, ¶ 4. The Court does not have many details regarding this case[1] but is aware that Mr. Brooks has filed a suppression motion and that his state-court attorney says "the hearing may lead to a resolution of Mr. Brooks' case." Dkt. 104, at 2.

When the Court first learned of the 2017 Cook County case, the suppression hearing was set for June 1, 2021. The hearing has been continued several times now. The hearing was recently scheduled for December 16, 2021 and has now been continued yet again, this time to February 1, 2022. *See id.* ¶¶ 4-7.

Generally speaking, this Court is in favor of allowing defendants to resolve pending state-court matters before they are sentenced in federal court – much less before they report to prison. But in this case, it appears that the 2017 Cook County case may remain unresolved for a long time. The case has been outstanding for over four years now.

Under these circumstances, the Court has decided to grant one *final* extension, on the chance that the February 1, 2022 suppression hearing will

---

[1] This criminal case is not reported in the Presentence Investigation Report. *See* PSR, Dkt. 80, at 8-9 (reporting two other 2017 Cook County, Illinois cases).

actually go forward as scheduled. But if the hearing does not occur on that date, the Court will not grant any additional extensions – either because of the pendency of the Cook County case, or for any of the other reasons Mr. Brooks set forth in his motion for reconsideration.

**ORDER**

**IT IS ORDERED that:**

**(1)** Defendant's Motion for Reconsideration (Dkt. 126) is **DENIED.**

**(2)** Defendant's Eighth Motion To Extend Deadline for Self-Surrender (Dkt. 127) is **GRANTED**.

**(3)** Defendant shall report to his designated facility no later than **February 18, 2022** as directed by the Bureau of Prisons and Probation and Pretrial Services.

DATED: January 19, 2022

B. Lynn Winmill
United States District Judge